IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Willie Lee Herriott,<br><br>PETITIONER<br><br>v.<br><br>United States of America,<br><br>RESPONDENT | Crim. No. 4:02-cr-00030-TLW-1<br>C/A No. 4:16-cv-02237-TLW<br><br><br>**Order** |

This matter comes before the Court for consideration of the petition to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Willie Lee Herriott. For the reasons stated below, the Court dismisses the petition.

Petitioner pled guilty to a charge of possession with intent to distribute 500 grams or more of cocaine and the Court sentenced him as a career offender to 225 months imprisonment pursuant to the then-mandatory Sentencing Guidelines. ECF No. 36. He filed a direct appeal, but the Fourth Circuit affirmed. *United States v. Herriott*, 78 F. App'x 247 (4th Cir. 2003). He did not file a petition for a writ of certiorari from the Supreme Court.

Petitioner filed a prior § 2255 petition, which the Court denied as untimely and on the merits. No. 4:04-cv-23380-TLW, ECF Nos. 1, 13.

On June 13, 2016, Petitioner filed in the Fourth Circuit a motion pursuant to 28 U.S.C. § 2244 requesting permission to file a successive § 2255 petition. No. 16-9218 (4th Cir.), ECF No. 2-1. The Fourth Circuit granted that motion on June 27, 2016, No. 16-9218 (4th Cir), ECF No. 10-2, and his § 2255 petition was filed in this

1

Court on that date, ECF No. 86.

In the petition, Petitioner argues that he should be resentenced without the application of the career offender enhancement. ECF No. 86. He argues that the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the Armed Career Criminal Act's residual clause as unconstitutionally vague, also applies to invalidate the residual clause in the career offender sentencing guideline, formerly found at § 4B1.2(a)(2).[1] He argues that, in light of *Johnson* and other cases, he no longer has the requisite number of predicate convictions to be a career offender. *See* ECF No. 86-1 at 5–8.

The Government filed a motion for summary judgment, arguing, in part, that the petition must be dismissed as untimely. ECF No. 91.

Petitioner is not entitled to relief based on the current state of the law. In *United States v. Brown*, the Fourth Circuit concluded that a § 2255 petitioner making substantially the same argument as Petitioner—that he should be resentenced because his career offender sentence imposed under the mandatory Guidelines is now invalid—was not entitled to relief because the Supreme Court had not recognized the specific right at issue. 868 F.3d 297, 304 (4th Cir. 2017), *cert. denied*, 139 S. Ct. 14 (2018); *see also id.* at 300 (noting that the Supreme Court in *Beckles v. United States*, 137 S. Ct. 886 (2017) "expressly declined to address the issue of whether the pre-*Booker* mandatory Sentencing Guidelines are amendable to void-for-vagueness

---

[1] After the *Johnson* decision, the career offender guideline was revised and the residual clause was deleted. *See* U.S. Sentencing Guidelines Manual § 4B1.2(a)(2) (U.S. Sentencing Comm'n 2016).

2

challenges"). Because Supreme Court recognition of that specific right was the only possible avenue to render the petition timely, the Fourth Circuit affirmed the district court's dismissal of the petition. *Id.* at 304.

The Court concludes that Petitioner here is in the same situation as the petitioner in *Brown*. He is over eleven years late under 28 U.S.C. § 2255(f)(1), (f)(2) and (f)(4) do not apply, and he cannot restart the statute of limitations under (f)(3) because the Supreme Court has not recognized the specific right at issue. Accordingly, the Court is required to dismiss his petition as untimely.[2]

For the reasons stated, the Government's motion for summary judgment, ECF No. 91, is **GRANTED**, and Petitioner's petition for relief pursuant to § 2255, ECF No. 86, is **DISMISSED**.[3]

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the

---

[2] The Court notes that the Government cites *Beckles* and *Johnson* in its memorandum filed in support of its motion to dismiss. ECF No. 91-1. The Fourth Circuit analyzed those cases in *Brown*, which is directly on point with the claims Petitioner raises in his petition. Just like in *Brown*, the Supreme Court has not recognized the specific right at issue in Petitioner's case and it therefore requires dismissal of the petition as untimely.

[3] In deciding a § 2255 petition, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's filings, and finds that no hearing is necessary.

3

denial of a constitutional right." The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

      **IT IS SO ORDERED.**[4]

                                                *s/ Terry L. Wooten*
                                                Terry L. Wooten
                                                Senior United States District Judge

June 17, 2019
Columbia, South Carolina

---

[4] In light of the Court's ruling, the other outstanding motion in this case, ECF No. 83, is **DISMISSED AS MOOT**.